COMMISSIONER OF INTERNAL REVE-
NUE v. STRUTHERS IRON &
STEEL CO.

No. 9225.

Circuit Court of Appeals, Sixth Circuit.

Dec. 17, 1942.

Samuel O. Clark, Jr., J. P. Wenchel, Sewall Key, John W. Smith, and Joseph M. Jones, all of Washington, D. C., for petitioner.

A. M. Henderson, of Youngstown, Ohio, for respondent.

Before HICKS, ALLEN and HAMILTON, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel;

And it appearing that the sole question presented is whether respondent was entitled to a credit under Section 26(c) (1) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 835, in the amount of its adjusted net income in the computation of the surtax imposed by Section 14 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, page 823;

And it appearing that the contract arising out of respondent's application dated July 30, 1934, for a loan from the RFC prohibited the payment of any dividends as long as respondent was indebted to the RFC without prior written consent of the lender; and that part of the indebtedness so contracted was still unpaid when a new application for a loan from the RFC was executed by respondent on July 15, 1936;

And it appearing that the United States Board of Tax Appeals found upon substantial evidence and in conformity with the applicable law that the so-called second loan represented merely a renewal or extension of the first loan to the extent of the unpaid balance thereon and a new loan of $138,164.99, and that the second contract did not supersede nor terminate the contract represented by the first application of July 30, 1934; Wise v. Miller, 45 Ohio St. 388, 14 N.E. 218; Koch v. St. Charles Hotel Co., 13 Ohio Cir.Ct.R.,N.S., 163; First National Bank v. Leise, 3 Ohio Cir. Ct.R.,N.S., 215; cf. Segrist v. Crabtree, 131 U.S. 287, 9 S.Ct. 687, 33 L.Ed. 125; and that the first contract remained in full force and effect throughout 1937, the taxable year:

It is ordered that the decision of the United States Board of Tax Appeals (now the Tax Court of the United States) be and it hereby is affirmed.